UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>        Plaintiff,<br><br>    v.<br><br>SANTA CLARA SHERIFF DEPARTMENT, et al.,<br><br>        Defendants. | Case No.  15-cv-00720-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR EMERGENCY INJUNCTIVE RELIEF**<br><br>Re: Dkt. No. 7 |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 claiming that he was disciplined in retaliation for pursuing an administrative grievance. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   <u>Legal Claims</u>

Plaintiff alleges that, on December 30, 2014, he filed an administrative grievance with the facility captain relating to actions of trustees.  On January 2, 2015, his grievance was denied, and he was warned not to send grievances to the facility captain via indigent legal mail.  On January 18, 2015, he sent a letter to the division commander seeking to appeal a separate grievance.  He sent the letter via indigent legal mail with "confidential legal mail" written on the outside of the envelope.  On January 22, 2015, he received a major rule infraction for disobeying an order from a jail official, and he was later disciplined.  He claims that by punishing him for seeking an administrative remedy, defendants violated his First Amendment right to access the courts and retaliated against him for exercising his First Amendment rights.  When liberally construed, these claims are cognizable.

The problem for plaintiff, however, is that the complaint does not state a claim against the defendants he identifies by name.  Plaintiff names Division Commander Hoyt, Deputy Crawford, and Lieutenant Borgzinner as defendants but adds no facts linking them to his allegations of wrongdoing.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren*

2

*v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff's allegations will be dismissed with leave to amend to show what actions each defendant took or failed to take that caused the First Amendment violations. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634. Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

Finally, plaintiff has not alleged any conduct by defendant Santa Clara Sheriff's Department, which is a department of the municipality of Santa Clara County. To impose liability under Section 1983 against a municipal entity such as Santa Clara County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff does not allege any policy by Santa Clara County that allegedly led to the actions against him. Plaintiff may attempt to cure this deficiency in the amended complaint, if he can do so in good faith.

C.     Request for Emergency Injunctive Relief

Plaintiff has filed a request for emergency injunctive relief in which he asks the Court to enjoin defendants from violating the various constitutional rights alleged in his complaint. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary

3

injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that "immediate and irreparable injury, loss or damage will result" to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies in writing "any efforts made to give notice and the reasons why it should not be required." *See* Fed. R. Civ. P. 65(b). Plaintiff has not made the first showing, nor has he included requisite certification required by Rule 65(b). Accordingly, the request for emergency injuctive relief is DENIED.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **thirty (30)** days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (15-0720 HSG (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff's request for emergency injunctive relief is DENIED.

This order terminates Docket No. 7.

**IT IS SO ORDERED.**

Dated: 6/10/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

4