UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>    Plaintiff,<br><br>  v.<br><br>HOYT, et al.,<br><br>    Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONSOLIDATE; GRANTING REQUEST TO MODIFY BRIEFING SCHEDULE**<br><br>Case No. 15-cv-00720-HSG<br><br>Re: Dkt. Nos. 16, 23 |
| SHAWNCEY BLAKE,<br><br>    Plaintiff,<br><br>  v.<br><br>HOYT, et al.,<br><br>    Defendants. | Case No. 15-cv-01239-HSG<br><br>Re: Dkt. Nos. 15, 22 |

Plaintiff, an inmate at the Santa Clara County Jail, has filed the above two *pro se* civil rights action — *Blake v. Hoyt, et al.*, C No. 15-cv-00720 HSG ("*Blake II*"); *Blake v. Hoyt, et al.*, C No. 15-cv-01239 HSG ("*Blake III*") — under 42 U.S.C. § 1983, alleging that prison officials violated his right to access the courts and retaliated against him for exercising his First Amendment rights when they charged him with, and found him guilty of a major rule infraction for disobeying a prior order not to send grievances via confidential legal mail. Pending before the Court are Plaintiff's motion to consolidate cases and Defendants' motion requesting a modification of the briefing schedule. The Court addresses each motion below

**I.    Motion to Consolidate Cases**

Plaintiff seeks to consolidate these two actions with *Blake v. Gillote, et al.*, C No. 14-cv-

1   03727 HSG ("*Blake II*") and *Blake v. Santa Clara Dept. of Corrections, et al.*, C No. 15-cb-
2   03352-HSG ("*Blake IV*").  For the reasons set forth below, Plaintiff's request to consolidate this
3   case with the other cases is GRANTED IN PART AND DENIED IN PART.

4       *Blake IV* has been remanded to state court, so to the extent that Plaintiff seeks to
5   consolidate this action with *Blake IV*, that request is DENIED AS MOOT.  This Court has already
6   DENIED Plaintiff's request to consolidate *Blake I* with Plaintiff's other pending cases in the Order
7   Denying Motion to Consolidate, issued in *Blake I*.  The only remaining issue is Plaintiff's
8   unopposed request to consolidate *Blake II* and *Blake III*.

9       Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a
10  common question of law or fact, and consolidation is proper when it serves the purposes of
11  judicial economy and convenience. "The district court has broad discretion under this rule to
12  consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d
13  777, 777 (9th Cir. 1989).  In determining whether to consolidate actions, the Court weighs the
14  interest of judicial convenience against the potential for delay, confusion, and prejudice caused by
15  consolidation.  *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010).  The
16  Court may decline to consolidate the actions if they are at different stages of discovery or trial
17  preparation. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal.
18  2007).

19      Here, consolidation of *Blake* II and *Blake III* is appropriate.  *Blake II* and *Blake III*,
20  concern prison officials' issuance of rule infractions to Plaintiff for sending grievances in
21  envelopes labelled "confidential legal mail."  *See Blake II*, Docket No. 14 at 2–3; *Blake III*,
22  Docket No. 13 at 2–3.  Both cases are in similar procedural postures, with pending summary
23  judgment motions that are not fully briefed. Accordingly, in the interests of justice, the Court
24  GRANTS Plaintiff's unopposed request to consolidate *Blake II* and *Blake III*.

25  **II.**     **Defendants' Request for a Modification of the Briefing Schedule**

26      Plaintiff has filed summary judgment motions in both *Blake II* and *Blake III*.  Defendants'
27  oppositions to these summary judgment motions are due December 7, 2015.  Defendants'
28  dispositive motions in both cases are due December 31, 2015.  Defendants have requested that the

United States District Court
Northern District of California

Court grant an extension of time to December 31, 2015, to file their oppositions to the summary judgment motions. Good cause being shown, the Court GRANTS Defendants' request for a modification of the briefing schedule. The revised briefing schedule is set forth below.

## CONCLUSION

1. Plaintiff's motions to consolidate (*Blake II*, Docket No. 16; and *Blake* III, Docket No. 15) are GRANTED IN PART AND DENIED IN PART. Only *Blake II* and *Blake III* shall be consolidated. The earlier-filed action, Case No. 15-00720, shall serve as the lead case. The clerk is directed to administratively close the later-filed action, Case No. 15-01239. All future filings should be done in the lead case only.

2. Defendants' requests to modify the briefing schedule (*Blake II*, Docket No. 23; and *Blake III*, Docket No. 22) are GRANTED. The revised briefing schedule is as follows:

Defendants' oppositions to the pending summary judgment motions are due by **December 31, 2015**. Plaintiff's replies in support of his summary judgment motions are due by **January 18, 2016**.

Defendants' summary judgment or other dispositive motions are due by **December 31, 2015**. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. This order terminates Docket Nos. 16 and 23 in *Blake II*, and Docket Nos. 15 and 22 in *Blake III*.

**IT IS SO ORDERED.**

Dated: 12/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge